Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JAVIER SIERRA RODRÍGUEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400033 | *REVISIÓN JUDICIAL* Procedente del Departamento de Corrección y Rehabilitación<br><br>Solicitud de Reconsideración Núm.: PP-901-23 |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparece ante nos, por derecho propio, el señor Javier Sierra Rodríguez ("Sr. Sierra Rodríguez" o "Recurrente"), mediante recurso de *Revisión Judicial*, recibido el 16 de enero de 2024. Nos solicita que revisemos una *Respuesta de Reconsideración al Miembro de la Población Correccional* emitida el 8 de diciembre de 2023, notificada el 18 del mismo mes y año, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación ("DCR" o "agencia recurrida"). Por virtud de la misma, el DCR denegó la solicitud de reconsideración instada por el Recurrente.

Por los fundamentos expuestos a continuación, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

### I.

El 5 de octubre de 2023, el Recurrente presentó ante el DCR una *Solicitud de Remedio Administrativo*.[1] Mediante dicha solicitud, el Recurrente alegó que el 8 de diciembre de 2022, se le había entregado su *Hoja de Control sobre Liquidación de Sentencia*,[2] en la

---

[1] Apéndice del *Escrito en Cumplimiento de Resolución*, pág. 4.
[2] *Íd*, pág. 10.

que se computó de manera errónea el tiempo para cualificar para los beneficios conferidos por la Junta de Libertad Bajo Palabra. Señaló que no se le había tomado en consideración en el cómputo, el periodo de un año y medio (1 ½) que estuvo confinado en "doble status". Por lo cual, solicitó que se corrigiera el error en su hoja de liquidación de sentencia.

Evaluada tal solicitud, el 31 de octubre de 2023, notificada el 15 de noviembre del mismo año, el DRC emitió *Respuesta al Miembro de la Población Correccional*,[3] en la que determinó que el computó para la liquidación de sentencia del Recurrente fue conforme al derecho vigente. En desacuerdo, el 28 de noviembre de 2023, el Recurrente instó *Solicitud de Reconsideración,*[4] la cual fue recibida por la agencia recurrida el 5 de diciembre de 2023. En dicho documento, el Recurrente insistió en que el cómputo de su hoja de liquidación estaba erróneo. Dicha solicitud fue denegada mediante la *Respuesta de Reconsideración al Miembro de la Población Correccional,*[5] emitida el 8 de diciembre de 2023, notificada el 18 del mismo mes y año.

Inconforme aún, el 8 de enero de 20214, recibida el 16 del mismo mes y año, el Recurrente acudió ante esta Curia mediante recurso de *Revisión Judicial,* en el que formuló el siguiente error:

> Erró la [D]ivisión de Remedios Administrativos al no acoger la solicitud de este recurrente debido a que el Remedio PP-901-23 esto debido a que conforme a derecho, se esta solicitando que se evalúe el expediente criminal y así, se adjudique el periodo de tiempo solicitado ya que este recurrente ha permanecido confinado extinguiendo la sentencia impuesta por el Tribunal por lo que al aplicar las leyes y estatutos no se puede dejar tiempo en el limbo cuando se ha permanecido en confinamiento.

El 29 de enero de 2024, esta Curia emitió *Resolución* en la que, entre otros asuntos, le concedió un término de treinta (30) días

---

[3] *Íd,* págs. 8-9.
[4] *Íd,* págs. 11-12.
[5] *Íd,* pág. 13.

para que el DCR expusiera su oposición al recurso. En cumplimiento con lo ordenado, el 4 de marzo de 2024, el DCR, por conducto de la Oficina del Procurador General de Puerto Rico, presentó un escrito intitulado *Escrito en Cumplimiento de Resolución.* En síntesis, el DCR alego que procedía la desestimación del caso, puesto que el Recurrente no adhirió a su recurso los sellos de presentación, ni solicitó litigar como indigente. En la alternativa, señaló que procedía que se devolviera el caso a la agencia, puesto que la *Hoja de Control sobre Liquidación de Sentencia* emitida al Recurrente no surge que se haya tomado en cuenta las Cartas Circulares del DCR que fueron aprobadas luego de la aprobación de la Ley Núm. 85 de 11 de octubre de 2022.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. *Jurisdicción*

En nuestro sistema de derecho, la jurisdicción consiste en el poder y autoridad que tienen los tribunales para adjudicar casos o controversias, siempre que estos sean justiciables. *JMG Investment, Inc. v. ELA*, 203 DPR 708 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018). Es responsabilidad de los propios tribunales cerciorarse sobre su jurisdicción, así como la jurisdicción del foro donde procede el recurso, pues ella no puede adjudicarse ni ser subsanada, aun con la anuencia de las partes del pleito. *JMG Investment, Inc. v. ELA*, 203 DPR 708 (2019)*; Fuentes Bonilla v. ELA*, 200 DPR 364 (2018).

El Tribunal Supremo de Puerto Rico ha reiterado que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013). Siendo ello así, las disposiciones que rigen el

perfeccionamiento de los recursos a nivel apelativo deberán cumplirse rigurosamente. De esta forma, el derecho a la revisión de una determinación administrativa por el Tribunal Apelativo queda sujeto al estricto cumplimiento del reglamento, las limitaciones legales y su perfeccionamiento.

A tono con lo anterior, la Regla 83(c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, permite al propio tribunal desestimar un recurso por carecer de jurisdicción.

### B. Litigación in forma pauperis

Una de las condiciones que dispone nuestro ordenamiento para el perfeccionamiento de cualquier recurso ante este Tribunal, lo es el pago de los aranceles de presentación. Como requisito umbral para invocar la jurisdicción de este foro apelativo, toda persona que se disponga a apelar un dictamen de un foro inferior, está obligado a pagar dichos aranceles y adherirlos a su recurso. Sección 1 de la *Ley de Aranceles de Puerto Rico*, Ley Núm. 17 del 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1476, ("Ley de Aranceles"). Véase, además, *Silva Barreto v. Tejada Martel*, 199 DPR 311 (2017). **"De lo contrario, conforme dispone el Código de Enjuiciamiento Civil, el documento se reputará nulo y se tendrá por no presentado."** (Énfasis nuestro). *Íd.;* 32 LPRA sec. 1481. Así pues, el pago de aranceles es una de las condiciones necesarias para que se perfeccione cualquier recurso, siendo su propósito, cubrir los gastos asociados a los trámites judiciales. *M-Care Compounding et al. v. Depto. Salud,* 186 DPR 159, 174 (2012). Véase, además, *Santana Báez v. Depto. Corrección,* 202 DPR 233 (2019) (Resolución).

A modo de excepción y en aras de fomentar el acceso a las personas indigentes a los tribunales, se puede eximir del pago de los aranceles a una persona insolvente o indigente para permitir que litigue *in forma pauperis.* A esos fines, la Sección 6 de la Ley de Aranceles, *supra,* dispone lo siguiente:

Cualquier persona de Puerto Rico que desee entablar una acción civil o recurso y no pudiere pagar los derechos establecidos por el Tribunal Supremo o los derechos de suspensión requeridos por esta Ley, **podrá presentar al (a la) Secretario(a) del Tribunal una declaración jurada exponiendo su imposibilidad de pagar dichos derechos,** junto con una copia de la demanda que se propone deducir. El(la) Secretario(a) someterá dicha declaración jurada y la referida demanda o recurso al(a la) Juez(a) del tribunal, según sea el caso, y si dicho(a) Juez(a) juzgare suficiente en derecho la demanda y estimare probada la incapacidad para satisfacer los derechos requeridos por esta Ley, permitirá que se anote dicha demanda, por lo cual el demandante tendrá derecho a todos los servicios de todos(as) los(as) funcionarios(as) del tribunal y a todos los mandamientos y providencias del mismo, como si los derechos hubiesen sido satisfechos. [...]. Mas, en todo caso, el (la) Juez(a) podrá requerir cualquier información adicional que creyere necesaria cuando una persona solicita que se le releve del pago de costas. **Los recursos a nivel apelativo o discrecionales que se presenten en el Tribunal de Apelaciones o en el Tribunal Supremo disfrutarán de la referida exención de conformidad al trámite dispuesto.** [...]. (Énfasis nuestro). 32 LPRA sec. 1482.

De conformidad con la aludida Sección, el Reglamento del Tribunal de Apelaciones establece un procedimiento para la litigación *in forma pauperis*, a los fines cumplir con su objetivo de "dar mayor acceso a la ciudadanía a los procesos judiciales", "eliminando los obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". Artículo 4.002 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA sec. 24w. A esos efectos, la Regla 78 de nuestro Reglamento, dispone que:

Cualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, **presentará ante el Tribunal de Apelaciones una declaración jurada, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por éstos,** su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso.

Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para ello.

El Tribunal de Apelaciones podrá preparar formularios para facilitar la comparecencia efectiva de apelantes o recurrentes *in forma pauperis*. 4 LPRA Ap. XXII-B, R. 78

En estos casos, le corresponde al solicitante acreditar, *so pena* de perjurio, que carece de los medios económicos para litigar. *Gran Vista I v. Gutiérrez y otros,* 170 DPR 174, 191 (2007). **En ausencia de una petición para litigar *in forma pauperis*, la omisión del pago de aranceles acarreará la desestimación del recurso.** *Íd,* pág. 194.

**III.**

Antes de entrar en los méritos de los reclamos presentados por la parte aquí Recurrente, este Foro tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso ante su consideración. *SLG Solá-Moreno et al v. Bengoa Becerra, supra.* Efectuado tal ejercicio, notamos que esta Curia carece de jurisdicción para atender el presente caso, por tal razón, nos tenemos otra alternativa que desestimarlo.

En el caso de autos, la parte Recurrente solicitó al DCR que volviera a evaluar su *Hoja de Control sobre Liquidación de Sentencia,* puesto que había un error en el cálculo para recibir los beneficios conferidos por la Junta de Libertad bajo Palabra. Luego de varios trámites, el 8 de diciembre de 2023, notificada el 18 del mismo mes y año, el DCR emitió la *Respuesta de Reconsideración al Miembro de la Población Correccional* recurrida, en la que denegó la solicitud de reconsideración. Como consecuencia, se confirmaba la determinación de la agencia recurrida, en la que había concluido que el cómputo en la hoja de liquidación de sentencia fue conforme a derecho. Inconforme con el proceder de la agencia, el 16 de enero de 2024, recibimos el recurso de epígrafe instado por el Recurrente.

Surge del expediente, que el Recurrente no adhirió los correspondientes sellos de presentación, ni solicitó el formulario para litigar *in forma pauperis*. En nuestro ordenamiento se ha

permitido que cualquier persona que desee entablar un recurso y no pudiere pagar los derechos de suspensión requeridos por Ley, **podrá presentar al (a la) Secretario(a) del Tribunal una declaración jurada exponiendo su imposibilidad de pagar dichos derechos.** Véase Sección 6 de la Ley de Aranceles, *supra.* A esos fines, la Regla 78 de nuestro Reglamento, *supra*, establece que cualquier parte que por primera vez solicite litigar *in forma pauperis*, deberá presentar ante el Tribunal de Apelaciones una declaración jurada, en el que exponga "los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por éstos"**. La ausencia de una petición para litigar *in forma pauperis* y la omisión del pago de aranceles, acarreará la desestimación del recurso.** *Gran Vista I v. Gutiérrez y otros, supra.*

En vista de que en nuestro ordenamiento jurídico no existe estatuto o jurisprudencia que exima a los confinados de pagar aranceles, la solicitud para litigar *in forma pauperis* debe estar juramentada o suscrita *so pena* de perjurio, según lo requiere expresamente la Ley. Sec. 6 de Ley de Aranceles, *supra* y Regla 78 del Reglamento del Tribunal de Apelaciones, *supra.* Ello se debe a que el mero confinamiento, no implica automáticamente la indigencia del litigante. *Gran Vista I v. Gutiérrez y otros, supra*; Regla 78 del Reglamento del Tribunal de Apelaciones, *supra.*

Ante la omisión del Recurrente de solicitar el permiso de esta Curia para litigar *in forma pauperis*, el presente recurso no fue debidamente perfeccionado y procede su desestimación. Advertimos a la parte Recurrente que la presentación del formulario juramentado sobre litigación *in forma pauperis* es requisito indispensable para acudir ante esta Curia. Además, prevenimos al Recurrente que el DCR ha reconocido que su hoja de liquidación de sentencia no fue evaluada a la luz de las cartas circulares vigentes, por lo que deberá acudir ante el organismo administrativo para

solicitar el remedio correspondiente, y que pueda ser evaluado según dispone la Ley y los reglamentos vigentes.

Por lo anterior, procede la desestimación del recurso de epígrafe, puesto que esta Curia de jurisdicción para atender el mismo.

**IV.**

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones